DAVID OXAMENDI
DOXAMENDI@GRSM.COM
DIRECT DIAL: (212) 453-0733



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA, 28TH FLOOR
NEW YORK, NY 10004
WWW.GRSM.COM

April 8, 2026        Application granted.

**VIA ECF**

Hon. Ronnie Abrams                          SO ORDERED.
United States District Court
Southern District of New York
40 Foley Square, Room 2203                  _____
New York, NY 10007                          Hon. Ronnie Abrams
                                            April 9, 2026

Re:    Letter-Motion to Stay Discovery Pursuant to Rule 26(c)
       *Brannon v. Colgate-Palmolive Company*
       Case No.: 1:25-cv-10288-RA

Dear Judge Abrams:

We write on behalf of Colgate-Palmolive Company ("Colgate") in the above-referenced action. The parties respectfully apologize to the Court for their oversight in failing to submit a joint case management plan and scheduling order by April 6, 2026, and jointly request an adjournment of the upcoming conference. In addition, pursuant to Your Honor's Individual Rules & Practices in Civil Cases, Section 4(E), this letter respectfully requests a stay of all discovery proceedings pending resolution of Colgate's recently filed Motion to Dismiss Plaintiff's Complaint (the "Motion"). See ECF No. 19. This is Colgate's first request for such relief. Plaintiff's counsel does not oppose a stay pending resolution of the Motion insofar as the parties are presently attempting to resolve the matter, but disagrees with Colgate's assessment of the merits of Plaintiff's case as set forth below and opposes the Motion.

As set forth more fully in Colgate's Motion to Dismiss, there is ample additional support for Colgate's position that this action should be dismissed entirely for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### I. Legal Standard

Under Federal Rule of Civil Procedure 26(c), a court may stay discovery for "good cause." Fed. R. Civ. P. 26(c). As set forth *supra*, there is ample basis for this action to be completely dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). "When a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Gross v Madison Sq. Garden Ent. Corp.,* 2023 WL 6815052 at *1 (S.D.N.Y. 2023).

April 8, 2026
Page 2

### II. Arguments

#### A. Plaintiff's Claims Are Unmeritorious

With respect to the "strength of the motion" factor, the party requesting a stay must demonstrate "substantial arguments for dismissal." *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585 at *4 (S.D.N.Y. 2018) (citations and alteration omitted). Some courts have observed that "this standard requires 'a strong showing that the plaintiff's claim is unmeritorious.'" *Id.* (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69 (S.D.N.Y. 2013) (citation omitted). Other courts have granted a stay of discovery when a motion to dismiss is "potentially dispositive, and appears to be not unfounded in law." *Gandler v. Nazarov*, 1994 WL 702004 at *4 (S.D.N.Y. 1994); *see also Spinelli v. Nat'l Football League*, 2015 WL 7302266 at *2 (S.D.N.Y. 2015) (stay of discovery warranted when "the viability of ... Plaintiff' claims is in at least some doubt pending the resolution of the motions to dismiss"). Herein, Plaintiff's Complaint is devoid of any allegation permitting a plausible inference that Fabuloso products caused Plaintiff's injury, namely because Plaintiff does not allege any nonconclusory facts identifying the Fabuloso products she purchased and used, how those products were defective, or how they proximately caused her injury, and based on the fact that the Bacteria at issue is admittedly commonly found in water and soil. As such, Colgate has established that the Plaintiff's Complaint is based in sheer, unsupported speculation and should be dismissed as a matter of law.

#### B. Any Anticipated Discovery Is Unduly Burdensome

As to the "breadth of discovery, and the burden of responding to it", courts consider the volume of discovery sought and the costs involved in responding to subpoenas and discovery requests. *See Mulligan v. Long Island University,* 2018 WL 8014320 at *3 (E.D.N.Y. 2018); *see also Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113 (E.D.N.Y. 2006). Where the discovery sought covers a considerable timespan, and third-party discovery is anticipated, the burden imposed increases. *See Bethpage Water Dist. v. Northrop Grumman Corp.*, 2014 WL 6883529 at *3 (E.D.N.Y. 2014) (finding that "the burdens of discovery are considerable" based in part on the fact that plaintiff's discovery request sought documents spanning many years). Further, the anticipated discovery would be unduly burdensome as it would involve various third-party retailers, fact witness discovery and deposition testimony, and expert witness and medical witness testimony to establish when, where and how often any such Fabuloso products were allegedly purchased. Additionally, Colgate anticipates extensive discovery relating to Plaintiff's prior medical history and potential motion practice as Plaintiff will likely argue that even if the Fabuloso products were *not* part of the Recall, they were also impacted and contaminated by the Bacteria at issue.. As such, anticipated discovery is broad and unduly burdensome, and should be stayed pending the outcome of Motion to Dismiss.

#### C. The Action's Infancy Militates In Favor of A Stay

As to potential prejudice, courts generally find no prejudice where an action is still in its early stages. *See, e.g., Giminez v. Law Offices of Hoffman & Hoffman,* 2012 WL 2861014 at *2 (E.D.N.Y. 2012) (finding "little prejudice" given the case's infancy); *see also O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585 at *9 (S.D.N.Y. 2018) (explaining that "the passage of a

April 8, 2026
Page 3

reasonable amount of time without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery."); *Mulligan,* 2018 WL 8014320 at \*3; *see also Bethpage Water Dist.*, 2014 WL 6883529, at \*3 ("any marginal impact on the evidence and/or memories of witnesses does not outweigh the substantial burden and expense of conducting time-consuming fact and expert discovery on all issues in this case pending a decision on a potentially dispositive motion."). As no case management or scheduling order has yet been entered, this matter is still in its infancy and there is no prejudice in staying discovery pending the outcome of the Motion to Dismiss.

### III. Conclusion

For the foregoing reasons, it is respectfully requested that the Court stay all discovery pending the resolution of Colgate's Motion to Dismiss.

Respectfully,

GORDON REES SCULLY MANSUKHANI, LLP

David Oxamendi

cc via ECF:

*Attorneys for Plaintiff*
Adam J. Kress
Johnson Becker, PLLC
444 Cedar Street, Suite 1800
St. Paul, MN 55101
akress@johnsonbeck.com

Randi Kassan
Milberg Coleman Bryson Phillips Grossman, PLLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530
rkassan@milberg.com