UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TONYA BRANNON,

Plaintiff,

v.

COLGATE-PALMOLIVE COMPANY,

Defendant.

25-CV-10288 (RA)

MEMORANDUM OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Tonya Brannon brings this product liability action against Defendant Colgate-Palmolive Company ("Colgate"), asserting claims for strict liability, negligence, breach of implied warranty of fitness for a particular purpose, and breach of implied warranty of merchantability. *See* Dkt. 1 ("Compl."). Before the Court is Defendant's motion to dismiss the Complaint for failure to state a claim. For the reasons that follow, the motion is granted in its entirety.

**BACKGROUND**

The following facts are derived from the Complaint and documents attached to it. *See DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint.").

Colgate "designs, formulates, manufactures, distributes, markets, promotes, advertises and sells cleaning products," including Fabuloso Multi-Purpose Cleaners ("Fabuloso"). Compl. ¶ 36. The Complaint alleges that Brannon used Fabuloso "daily to clean her whole house, including her bathtub, countertops, and floors." *Id.* ¶ 3.

On the afternoon of December 14, 2022, Brannon bought a 56-ounce bottle of Fabuloso Lemon-Scented Multi-Purpose Cleaner 2x Concentrated Formula from a Walmart in Conway, Arkansas. *Id.* ¶ 2; *see also* Compl. Ex. A (Brannon's purchase receipt from Walmart dated December 14, 2022 at 2:22 p.m.). "In late December 2022 and early January 2023, Plaintiff, who suffers from chronic lung conditions, began to feel increasingly ill, noting a drastic increase in coughing spells, shortness of breath, and mucus and phlegm production." Compl. ¶ 4. The exacerbated symptoms "were not controlled by her daily medications." *Id.* She later underwent a bronchoalveolar lavage that came back positive for a harmful bacteria called *pseudomonas aeruginosa*. *Id.* ¶¶ 5–6.

On February 8, 2023, Colgate recalled over 4.9 million Fabuloso Multi-Purpose Cleaners due to contamination with *pseudomonas* bacteria, including *pseudomonas aeruginosa*. *Id.* ¶ 6. The Complaint attaches a Consumer Product Safety Commission Report on the recall and the recall notice posted on the Fabuloso website. *See* Compl. Ex. B ("CPSC Report"), Ex. C ("Recall Notice"). The CPSC Report states that "[p]eople with weakened immune systems, external medical devices, and underlying lung conditions who are exposed to the bacteria face a risk of serious infection that may require medical treatment" and that the bacteria can enter the body "if inhaled, through the eyes, or through a break in the skin." Compl. ¶¶ 7, 25 (quotation marks omitted); CPSC Report at 2. According to Colgate, the contamination resulted from a failure to add a preservative at intended levels during manufacturing. Compl. ¶¶ 8, 26.

The Complaint asserts that Colgate identified "specific products manufactured and sold between December 2022 and January 2023" as affected, *id.* ¶ 9, and that the Fabuloso product Brannon purchased on December 14, 2022 "was subject to the February 28, 2023 recall," *id.* ¶ 10. The Recall Notice, however, states that "no . . . product purchased before December 16, 2022" is

"included in the recall." Recall Notice at 15. The Recall Notice also specifies Fabuloso bottles with certain "lot" codes—which are etched into the plastic of each bottle—that are associated with the "impacted batches." Recall Notice 13–14 ("The impacted batches will have a manufacturing (lot) code where the first 8 digits begin with 2348US78 through 2365US78 and 3001US78 through 3023US78."). The Complaint does not identify the lot code for the Fabuloso product Brannon purchased on December 14.

On December 11, 2025, Brannon brought this action against Colgate. The Complaint raises four claims under Arkansas law: strict liability, Compl. ¶¶ 35–42; negligence, *id.* ¶¶ 43–48; breach of implied warrant of fitness for a particular purpose, *id.* ¶¶ 49–54; and breach of implied warranty of merchantability, *id.* ¶¶ 55–60. Brannon alleges that the Colgate Fabuloso cleaner she used was defective and unreasonably dangerous because it "contained ineffective preservative levels and [was] contaminated with *Pseudomonas* bacteria," and that she contracted her infection "[a]s a result of the contamination." *Id.* ¶¶ 29, 31–32. She further alleges that Defendant knew, or should have known, that its products were contaminated but that the company continued to sell the product, failed to warn customers, and failed to timely recall the product. *Id.* ¶¶ 12, 33. Colgate now moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), *see* Dkt. 19 ("Mot."), which Brannon opposes, *see* Dkt. 23 ("Opp.").

**LEGAL STANDARD**

To survive a motion to dismiss brought pursuant to Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] "A claim has facial plausibility when the plaintiff pleads factual

[1] Unless otherwise noted, case quotations omit all internal quotation marks, citations, footnotes, omissions, and emphases and adopt all alterations in quoted text.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In deciding a motion to dismiss, the Court "constru[es] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor," *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020), although this "tenet . . . is inapplicable to legal conclusions," *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### I. Failure to State a Claim

#### A. Product Defect

The parties agree that Arkansas law governs this federal diversity action. Mot. at 5; Opp. at 3–4. The parties further agree that, under Arkansas law, each of Brannon's claims requires that Colgate supplied a defective product and that the defective condition of the product was a proximate cause of Brannon's injury. *See* Mot. at 5–6; Opp. at 5; *see also, e.g.*, *First Nat'l Bank of Phillips Cnty. v. Ford Motor Co.*, No. 3-CV-38, 2005 WL 8164444, at *2 (E.D. Ark. July 27, 2005) ("Although the elements of negligence, breach of warranty, and strict liability are not identical, in any product liability case in Arkansas a plaintiff must show that the product was defective and that the defect proximately caused the plaintiff's injury." (collecting cases)). Colgate contends that the Complaint must be dismissed in its entirety because it fails to plausibly allege "that Plaintiff used a defective product and that the alleged defect was the proximate cause of her injury." Mot. at 5. The Court agrees.

The Complaint does not allege that Brannon tested her bottle of Fabuloso for contamination. Instead, the Complaint relies entirely on the product recall to support the allegation

that Brannon's bacterial infection was caused by defective Fabuloso. But the Complaint's assertion that the Fabuloso product Brannon purchased on December 14, 2022 "was subject to the February 28, 2023 recall," Compl. ¶ 10, is belied by the terms of the recall, which explicitly did not include "any product purchased before December 16, 2022," Recall Notice at 15.[2] And the Complaint does not identify the lot code for the Fabuloso product Brannon purchased on the afternoon of December 14, which would have been within the range specified in the Recall Notice if it were subject to the recall.[3]

At best, then, the Complaint alleges that "Defendant recalled over 4.9 million units of Fabuloso™ for being contaminated *around* the time Plaintiff purchased the product." Mot. at 7 (emphasis added) (citing Compl. ¶¶ 6–8)). This Court already dismissed a similar complaint involving the same product (Fabuloso), recall (the February 8, 2023 recall), and alleged injury (*pseudomonas aeruginosa*) where the plaintiff also relied "almost exclusively on Colgate's recall" to allege that Fabuloso gave her a bacterial infection in mid-2022, several months prior to the recall. *Fuller v. Colgate-Palmolive Co.*, No. 24-CV-4225, 2026 WL 591745, at *2–3 (S.D.N.Y. Mar. 3, 2026). As in *Fuller*, the Complaint here relies solely on temporal proximity to the recall, without "alleg[ing] any facts tending to show that Colgate's recall was underinclusive, or that the

[2] On April 25, 2024, Judge Briccetti approved a class action settlement that included all consumers in the United States who *purchased* Fabuloso cleaning products during a period beginning on December 14, 2022. *Patora v. Colgate-Palmolive Co.*, No. 23-CV-1118, Dkt. 30-1 ("Class Settlement") at 3, Dkt. 43 ("Class Settlement Final Approval Order"). On October 29, 2026, this Court ordered the parties to address "the relevance, if any, of the Class Settlement to the pending motion." Dkt. 25. Both parties take the position that "the *Patora* settlement is not relevant to the pending motion." Dkt. 27.

[3] To the extent that product lots subject to the recall were *manufactured* earlier than December 16, 2022, the Complaint does not allege how early they were manufactured or otherwise allege facts supporting an inference that a recalled product was supplied to Brannon before December 16. (The parties both state in their motion papers that the recall applied to Fabuloso products manufactured beginning on December 14, 2022. Mot. 1; Opp. 3. Defendant contends that it is "impossible that a product manufactured on December 14, 2022 would be released, distributed, shipped, stocked at a retail store, and sold to a consumer on the same day." Mot. at 2. The operational details of Colgate's supply chain are not asserted in the pleadings such that the Court could consider them at this stage. And in any event, neither the Complaint nor the documents attached to it specify the manufacturing date that the parties refer to in their papers.)

contamination was more widespread or existed earlier in the year prior to the recall," or that Plaintiff "tested her Colgate Cleaners and found that they were contaminated," or even that "*pseudomonas aeruginosa* is a bacteria so rare that it would be plausible to infer simply from Colgate's subsequent recall that the products she used were similarly contaminated." *Id.* at *3. To be sure, the Complaint here alleges that Colgate supplied a defective product much closer to the recall window than in *Fuller*. But that does not alter the Court's conclusion that a "mere allegation that [the product was] contaminated in the same way as the recalled products, without more, is exactly the type of threadbare recital of elements, supported by conclusory statements, that does not suffice to support a plausible complaint." *Id.* Accordingly, in the Court's view, the Complaint does not plausibly allege that the product was defective.

Colgate also argues that Brannon's Complaint, like the complaint in *Fuller*, fails to plausibly allege that the defective aspect of the product was the proximate cause of Brannon's harm, assuming that the product were established to be defective. *See* Mot. at 8; *Fuller*, 2026 WL 591745, at *3 ("[Plaintiff] does not allege which specific cleaners she used, when she used them or with what frequency. Indeed, [she] does not even assert that she used the Colgate Cleaners when she cleaned her windows and blinds in May of 2022, immediately before her symptoms turned 'markedly worse.'"). The Court again agrees. The Complaint alleges that Brannon "purchased a bottle of the 56 Fluid Ounce Fabuloso™ Lemon-Scented Multi-Purpose Cleaner 2x Concentrated Formula" on December 14, 2022. Compl. ¶ 2. And the Complaint alleges that Brannon used Fabuloso Multi-Purposes Cleaners, "including . . . 56 Fluid Ounce Fabuloso™ Lemon-Scented Multi-Purpose Cleaner 2x Concentrated Formula," "daily to clean her whole house, including her bathtub, countertops, and floors." *Id.* ¶¶ 1, 3. But the Complaint stops short of alleging whether, how, and with what frequency Brannon used the allegedly contaminated bottle

in particular (*i.e.*, the bottle purchased on December 14). "By failing to include details of her exposure," Brannon "has not plausibly alleged that her exposure was the proximate cause of her illness." *Fuller*, 2026 WL 591745, at *3.

Because the Complaint does not plausibly allege that Colgate supplied a defective product to Brannon and that the defective condition of the product caused Brannon's injury, Brannon's claims must be dismissed.

**B. Failure to Warn**

Separately, Brannon's negligence claim (Count II) must be dismissed insofar as it proceeds on a theory of failure to warn. Under Arkansas law, a manufacturer has a duty to provide a "reasonable and adequate warning of dangers inherent or reasonably foreseeable" in a product's foreseeable use, and a breach of that duty demonstrates negligence. *Hergeth, Inc. v. Green*, 733 S.W.2d 409, 411 (Ark. 1987). The Complaint fails to plausibly allege that Colgate breached a duty to warn against reasonably foreseeable risks. Although the Complaint alleges that Colgate "[f]ail[ed] to provide adequate warnings about the risk that the subject cleaners could be contaminated and lead to infections," Compl. ¶ 47, it does not allege how a risk of contamination was foreseeable to Colgate, what warnings were included by Colgate, or how a lack of adequate warnings proximately caused Brannon's injury, *see Fuller*, 2026 WL 591745, at *4 (finding that plaintiff did not adequately plead the same failure-to-warn elements under Ohio law where she "fail[ed] to include any factual allegations regarding what warnings were included by the manufacturer or how those warnings failed to measure up to the warnings a manufacturer exercising reasonable care would have provided," and "fail[ed] to allege whether, or how" the product "had any reasonably foreseeable risks (such that there could even be a duty to warn against them in the first place), or how Colgate's alleged failure to warn or instruct Fuller about any such

risks proximately caused any injury"). The Court thus finds that the Complaint fails to state a claim for failure to warn.

### C. Breach of Implied Warranty for a Particular Purpose

The Complaint also fails to state a claim for breach of implied warranty for a particular purpose (Count IV) because it does not allege that Brannon used Fabuloso for a "particular purpose" other than its ordinary use. Under Arkansas law, a claim for breach of implied warrant for a particular purpose requires, among other things, that "the [seller] had reason to know the particular purpose for which the product was required," and that "the product was not fit for the purpose for which it was required." *Great Dane Trailer Sales, Inc. v. Malvern Pulpwood, Inc.*, 785 S.W.2d 13, 17 (Ark. 1990). A "particular purpose" is one that differs from the product's ordinary use and contemplates a specific use peculiar to the buyer. *See Berkeley Pump Co. v. Reed-Joseph Land Co.*, 653 S.W.2d 128, 133 (Ark. 1983). Put another way, if "the particular purpose for which goods are to be used coincides with their general functional use, the implied warranty of fitness for a particular purpose merges with the implied warranty of merchantability." *Myatt v. Smith & Nephew, Inc.*, No. 17-CV-03102, 2019 WL 469923, at *6 (W.D. Ark. Feb. 6, 2019) (quoting *Great Dane*, 785 S.W.2d at 17). There is no dispute that Brannon used Fabuloso for its ordinary use: "household cleaning." Compl. ¶ 50, 52; *see id.* ¶ 3. Accordingly, the Complaint fails to state a claim for breach of implied warranty for a particular purpose.

## II. Leave to Amend

Colgate urges the Court to dismiss the Complaint with prejudice and without leave to amend. Mot. 11; Reply 8–9. Brannon has not sought leave to amend, which "may be properly denied if . . . amendment would be futile." *Searles v. United States*, No. 21-CV-6570, 2022 WL 2829912, at *6 (S.D.N.Y. July 20, 2022). Federal Rule of Civil Procedure 15, however, instructs

courts to "freely give leave [to amend] when justice so requires," and the "'usual practice' in this Circuit is to permit amendment of the complaint upon granting a motion to dismiss, particularly where the possibility exists that the defect can be cured." *Jiajia Luo v. Sogou, Inc.*, 465 F. Supp. 3d 393, 415 (S.D.N.Y. 2020) (quoting *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)). As the Court has noted, the operative Complaint does not allege, among other things, the lot code on Brannon's bottle of Fabuloso, the details surrounding her use of the allegedly contaminated bottle, whether she tested the bottle for contamination, whether *pseudomonas aeruginosa* is so rare that contamination might plausibly be alleged from Colgate's subsequent recall alone, or whether particular facts suggest that the Recall Notice was underinclusive. "Because it is conceivable that Plaintiff could plead additional facts to remedy some of the deficiencies identified herein," *Searles*, 2022 WL 2829912, at *6, the Court grants the motion to dismiss without prejudice to the filing of an amended complaint.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted in its entirety, albeit without prejudice to Plaintiff filing an amended complaint within thirty (30) days if she has a good faith basis to do so. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 19.

SO ORDERED.

Dated: November 20, 2026
New York, New York

Ronnie Abrams
United States District Judge